IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE NORTON,

        Plaintiff,                    No. 2:09-cv-1596 GEB JFM PS

    vs.

AMADOR DETENTION FACILITY, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

        Plaintiff is proceeding in this action pro se and in forma pauperis. On July 23, 2009, plaintiff filed a second motion to proceed in forma pauperis. However, by order filed June 24, 2009, plaintiff was granted leave to proceed in forma pauperis. Accordingly, plaintiff's second motion is unnecessary and will be denied.

        On July 23, 2009, plaintiff filed an amended complaint pursuant to this court's June 24, 2009 order.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action has been filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.

1  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441
2  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official
3  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d
4  266, 268 (9th Cir. 1982).

In the instant complaint, plaintiff states:

> While detained in the Amador County Detention Facility, I was subjected to electromagnetic energy fluctuations, static and fields from the neon light fixtures in the Jail facility – as well as from a fan or air conditioning unit or some other type of power source.
>
> I am re-submitting this case because it did happen and I am demanding my right before a jury.  I was injured and I am seeking compensation for that injury pain and suffering.  [sic]
>
> The specifics can and must be submitted for jury trial if they are not mutually settled before then.
>
> My right to trial is paramount to the stability of the legal system itself.
>
> "It happened."

(Amended Complaint at 2.)

In the caption of his complaint, plaintiff identifies the defendants as "Amador County Detention Facility/Amador County Sheriff's Department, Makers of Light Fixtures in the Amador County Detention Facility."

It is well established that "the *in forma pauperis* statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  490 U.S. at 328 (quoted in Denton, 504 U.S. at 32).  Allegations that are fanciful, fantastic, or delusional give rise to claims that are factually frivolous.  504 U.S. at 32-33

3

(citing 490 U.S. at 325 & 327-28). The district court is therefore authorized to make a finding of factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." 504 U.S. at 33.

      Plaintiff's complaint falls into the category of "the irrational or wholly incredible." See Yacoub v. United States, 2007 WL 2745386 (W.D. Wash. 2007) (dismissing prisoner's complaint alleging, *inter alia*, plaintiff sustained injury from electromagnetic waves); Warren v. Bush, Case No. 2:08-cv-00376-RLH-LRL, 2008 WL 3876885, *2 (D.Nev. Aug.18, 2008) (screening prisoner's complaint and recommending dismissal based upon finding that the "allegations are fantastic, delusional, irrational, and frivolous").

      In accordance with the above, IT IS HEREBY ORDERED that plaintiff's second motion to proceed in forma pauperis is denied (#6); and

      IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed as frivolous.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2009.

UNITED STATES MAGISTRATE JUDGE

001; norton.56